ANNA ROWLANDS, Appellant, v. JOHN PARKS, Respondent.— Appeal by plaintiff from an order of the Supreme Court at Trial Term entered in Chenango County on April 27, 1955, dismissing the complaint in an automobile negligence case on the merits after a jury verdict for $2,500 had been returned in favor of

plaintiff, and from the judgment entered on said order. Plaintiff was a passenger in a car owned and operated by defendant when a large tree fell upon the car and injured plaintiff. The facts are without substantial dispute. Defendant was driving on Main Street in the village of New Berlin, New York, at about fifteen or twenty miles per hour on the afternoon of December 10, 1953. There was some wind, but not an extremely high wind. The tree which fell and injured plaintiff had been located about thirty feet west of the curb to the right of the parties. It was a large pine tree about sixty feet tall and broke off a few feet from the ground, falling on some electric wires, then into the street where it hit the car. Plaintiff saw the tree begin to fall and, when the car was about ninety feet from the tree, she yelled, "Jack, that tree," and crowded closer to the defendant. Defendant did not apply his brakes or swerve or change his speed at any time. He testified that he never saw the tree until it struck the car. We think this presented a question of fact for the jury, and there is adequate evidence to support a finding by the jury that the defendant was negligent. The jury returned a unanimous verdict for the plaintiff in the sum of $2,500, which the court set aside and then granted a motion for a directed verdict for the defendant upon which decision had been reserved. The trial court indicated in its opinion that the verdict would have been set aside in any event because the plaintiff alluded to insurance during the trial, although a motion for a mistrial on that ground had been denied. On the trial the defendant offered in evidence a statement written in longhand and signed by the plaintiff which could be construed as exonerating defendant from negligence. The statement taker was not called as a witness. While plaintiff was being questioned by her counsel with reference to the statement and the identity of the person who wrote it, plaintiff said: "I don't know who it was. It was someone from the insurance company." The record does not demonstrate that the matter of insurance was deliberately injected. Plaintiff's counsel was not bound to accept the statement in silence. He might properly show that plaintiff did not write it, that she was given no copy of it, and her knowledge of the identity of the person who did write it. There was nothing in the questions asked which called for the occupation or employment of the statement taker. In any event, in present times when jurors know that liability insurance is almost universal, the incident was not sufficiently prejudicial to warrant setting the verdict aside. Order and judgment reversed, the verdict of the jury reinstated, and judgment directed for the plaintiff, with costs to appellant. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.